THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MAR-
CELINO ABRÉU MOJICA, k/a ANTONIO ABRÉU and TOÑO,
Defendant and Appellant.

No. CR-63-376.     Decided June 29, 1964.

*Oscar R. Brizzie* for appellant. *J. B. Fernández Badillo, Solicitor
General,* and *J. F. Rodríguez Rivera, Assistant Solicitor Gen-
eral,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Marcelino Abréu Mojica was accused of rape in the Superior Court, Humacao Part. On trial by jury, he was found guilty. Eleven jurors voted for conviction and one abstained. He was sentenced to serve from two to five years in the penitentiary at hard labor. He appealed.

In his brief he maintains that the trial court erred (1) in permitting the prosecuting attorney to offer corroborating evidence prior to the presentation of the prosecutrix' testimony; (2) in permitting the corroborating witness to serve as interpreter for the prosecutrix and (3) in failing to instruct the jury as to the necessity of corroboration in relation to the act of sexual intercourse and as to the use of force and violence. As the fourth error he alleges the insufficiency of the evidence.

The following facts and circumstances appear from the records in the lower court and on appeal: The prosecutrix, named Luz María Cabrera, is a girl 16 years old who has never been appellant's wife; she is a deaf-mute; she lives with her parents and her sister, Ramonita, in the rural area in the municipality of Las Piedras. On September 16, 1962 defendant Marcelino Abréu Mojica was their neighbor. The person who can better understand, interpret and comprehend the mode of expression and transmission of thoughts, ideas, emotions and sensations of said deaf-mute girl is her sister Ramonita. She has always had the greatest trust, fondness and affection toward her. Between 7 and 8 o'clock in the evening of said day September 16, 1962, when Luz María was nearing her house, defendant rushed toward her, grasped her, hit her on her stomach, covered her mouth, tore

her dress, and her panties, struggled violently with her and when she "could not protect herself anymore" he threw her to the ground and by force raped her. During the struggle appellant's watch and comb fell down. A few minutes later, the deaf-mute girl, thus raped, with her clothes cut to pieces and covered with mud, her pudendal parts bleeding, very nervous and crying, came to her sister Ramonita and in her peculiar mode of expression communicated to her "all that had happened with him." Right away the girl led her sister to the place where she was attacked and there they found a watch and a comb which were identified as defendant's belongings. Four days later the two sisters reported the event to the police in Las Piedras and the prosecuting attorney of the Superior Court, Humacao Part. Dr. Arroyo performed a physical on Luz María on said day September 20, 1962 and as a result of said physical he concluded that she had been recently deflowered.

The evidence for The People consisted in the expert testimony of Dr. Arroyo, in the corroborating testimony of Ramonita Cabrera, the sister of the prosecutrix, and in the latter's direct testimony as to the facts, given by signs, gestures, and certain guttural sounds, as interpreted by her sister, Ramonita. In addition, the dress and panties which the prosecutrix was wearing on said day and appellant's watch and comb found in the place where the crime was committed were introduced and admitted in evidence.

Defendant did not offer any kind of evidence. He submitted the case to the jury with the oral report of his attorney.

After considering the contentions of both parties, in the light of the facts and circumstances concurring in the case, in our judgment, none of the four errors assigned was committed, and it is proper to affirm the judgment appealed from.

■ It is true that the trial court permitted, in the first place, that, at the trial, corroborating evidence be presented through the testimony of Ramonita Cabrera, sister of the prosecutrix, and who later, under oath, served as interpreter for the testimony of the deaf-mute girl. She did it at the prosecuting attorney's petition, and for convenience in the presentation of the evidence, and taking into consideration the special circumstances of the case and in the exercise of the discretionary authority which every judge has to designate the order of presentation of evidence. Appellant acknowledges said authority in his brief, but he maintains that in the present case the use of said discretion was arbitrary. We find nothing in the transcript of evidence which may support said theory. The discretion was exercised cautiously and soundly. In no way were defendant's substantial rights impaired. See *People* v. *Dones*, 56 P.R.R. 201, 206 (1940) and *People* v. *Hernández*, 75 P.R.R. 852, 858 (1954).

■ It is true also that the person who served as interpreter for the deaf-mute girl was her sister Ramonita, and that the latter offered the testimony which corroborated the prejudiced girl's testimony. It was shown at the trial that Ramonita was the only person in the family who could best interpret the gestures and signs that said girl used to manifest or express her ideas, sentiments, and emotions to others; that she was accustomed to communicate with her by signs and could understand the meaning of her signs and gestures. We already decided in *People* v. *Flores*, 45 P.R.R. 421, 423 (1933) that neither the relationship of an interpreter with the prosecutrix, nor his interest as witness were grounds for incapacity to serve as interpreter for a deaf-mute in a case of rape.

■ Considering the instructions of the judge as a whole the same are sufficient to duly instruct the jury in relation to the necessity of corroborating evidence as to the sexual

intercourse and the use of threats, force, or violence in the consummation of the crime (Tr. Ev. 65–68).

The last assignment of error as to the insufficiency of the evidence as a basis for the verdict lacks merit. The recital we made at the commencement of the opinion, of the facts and circumstances clearly revealed by the evidence adduced by the prosecuting attorney, which was not in any manner contradicted by the defense, are sufficient to prove that all the elements of the crime charged against defendant were satisfactorily proved and that the verdict rendered was the only one which could possibly be correct.

The judgment appealed from, which the Superior Court, Humacao Part, rendered against defendant-appellant in Criminal Case No. G-62-243, for rape, on January 23, 1963, will be affirmed.